UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID R. NEAL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:07 CV 289 |
| | ) |
| DR. CRAWFORD, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

Plaintiff David Neal, a prisoner confined at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1985(3), alleging that defendants conspired to deprive him of adequate medical treatment. (DE # 1.) He also asserts a claim under the Americans with Disabilities Act ("ADA"). (*Id.*) The only relief plaintiff seeks is damages.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to

>  relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

>  While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

Plaintiff asserts a claim under Section 1985(3), which deals with racially motivated conspiracies to interfere with civil rights. According to the complaint, defendants knowingly conspired to deprive him "of his civil and constitutional rights to be adequately cared for while in (their) custody and control . . . . " (Complaint at 2.) To state a § 1985(3) claim, a plaintiff must "allege that he was the victim of a conspiracy against him based on some 'class based animus.'" *Malsh v. Austin*, 901 F.Supp. 757, 763-64 (S.D.N.Y. 1995). "A cause of action under § 1985(3) requires a plaintiff to allege (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws or equal privileges and immunities under the law; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property or

a deprivation of a right or privilege of a citizen of the United States." *Traggis v. St. Barbara's Greek Orthodox Church,* 851 F.2d 584, 586-87 (2d Cir. 1988).

In § 1985 cases, vague and conclusory allegations of a conspiracy state no claim upon which relief can be granted. *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000); *Sampson v. Yellow Cab Co.*, 55 F.Supp.2d 867, 869 (N.D.Ill. 1999); *Copeland v. Nw. Mem'l Hosp.*, 964 F.Supp. 1225, 1235 (N.D. Ill. 1997). Where a complaint asserts that the defendants conspired to deny the plaintiff his constitutional rights, that claim must be "supported by some factual allegations suggesting a 'meeting of the minds.'" *Amundsen*, 218 F.3d 712 at 718, (quoting *Kunick v. Racine County, Wis.*, 946 F2d 1574, 1580 (7th Cir. 1991)). Thus, a § 1985 plaintiff:

> must satisfy the following: (1) allege the existence of an agreement; (2) if the agreement is not overt, "the alleged acts must be sufficient to raise the inference of mutual understanding" (*i.e.*, the acts performed by the members of a conspiracy "are unlikely to have been undertaken without an agreement"); and (3) "a whiff of the alleged conspirators' assent . . . must be apparent in the complaint."

*Amundsen*, 218 F.3d at 718 (quoting *Kunick*, 946 F2d at 1580).

Plaintiff's allegations are conclusory. The few facts stated in the complaint do not allege a class based animus on the part of defendants or allege any defendants' acts in furtherance of the alleged conspiracy, and they certainly do not provide the required "whiff" of the alleged conspirators' assent to enter into a conspiracy against him. Even giving plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, this claim does not meet the pleading requirements of a § 1985(3) complaint.

Plaintiff also brings a claim for compensatory and punitive damages under the ADA. He alleges that title II of the ADA prohibits discrimination against a qualified

3

individual with a disability. He suggests that because of his medical condition he qualifies as disabled for purposes of 42 U.S.C.§ 12102(2)(A), and asserts that "private parties may bring lawsuits to enforce their rights under title II of the ADA." (DE #1 at 4.) Plaintiff does not state his medical condition in the body of his complaint, though attachments to the complaint suggest that he is in need of a wheel chair, that his wheel chair broke, and that defendants have not yet repaired it (Request for Health Care dated April 19, 2007).

The ADA applies to state prisons and jails, *Pa. Dept. of Corr. v. Yeskey*, 524 U.S. 206 (1998). But the Eleventh Amendment precludes actions by private individuals for damages against the states and their employees based on the ADA. *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). There is no personal liability under Title I and Title II of the act, *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000), *cert. denied*, 531 U.S. 1190 (2001); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996). Accordingly, defendants "could be liable only in their official capacities," and the Eleventh Amendment precludes a claim for damages against them. *Walker*, 213 F.3d at 346-47.

*Ex Parte Young*, 209 U.S. 123 (1908), does not allow a plaintiff to avoid the prohibition against private litigation against the state, in these circumstances, by suing its officials. "[A] suit based on *Young* is a suit against state officers as individuals, not against the state itself. We held above that the only proper defendant in an action under the provisions of the ADA at issue here is the public body as an entity. A suit resting on the *Young* approach is not a suit against the public body and therefore cannot support relief." *Walker*, 213 F.3d at 347; *cf. Garrett*, 311 U.S. at 374 n. 9 (suggesting that standards

4

established by Title I of the ADA may be enforceable by private individuals in actions for injunctive relief under *Young*).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b), the court DISMISSES this complaint.

**SO ORDERED.**

**Enter**: September 14, 2007

      s/James T. Moody  
      JUDGE JAMES T. MOODY  
      UNITED STATES DISTRICT COURT